UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDIGENOUS AMERICAN
PEOPLE INHABITING THE
COUNTY OF WAYNE, MICHIGAN,   Civil Action No. 19-12579
                              Honorable Laurie J. Michelson
              Petitioner,    Magistrate Judge David R. Grand

WAYNE COUNTY MUNICIPAL
CORPORATION, *et al.*,

              Respondents.
_____/

## REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR *EX PARTE* EMERGENCY TEMPORARY RESTRAINING ORDER SEEKING INJUNCTIVE RELIEF [2]

Before the Court is a Motion for *Ex Parte* Emergency Temporary Restraining Order ("TRO") Seeking Injunctive Relief, filed by the plaintiff in this matter, The Indigenous American People Inhabiting the County of Wayne, Michigan (the "Plaintiffs") on September 3, 2019. (Doc. #2). This case has been referred to the undersigned for management, hearing, and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #7).

I.   REPORT

     A.   Background

On September 3, 2019, the Plaintiffs filed a "Petition" in this case, seeking "redress of grievances against Wayne County government elected officers[.]" ECF No. 1, PageID.1. The Petition names as Respondents Wayne County, Wayne County Executive Warren Evans, former Wayne County Treasurer Raymond Wojtowicz, current Wayne

County Treasurer Eric Sabree, and current Wayne County Clerk Cathy Garrett, accusing them of "Dereliction of Duty, Fraud, Collusion, Unjust Enrichment, Impersonation, Conspiracy, unlawful Civil Asset Forfeiture and Abuse of Power[.]"  ECF No. 1, PageID.1-2.

Although the Petition is extremely difficult to make sense of, the Plaintiffs appear to allege that the transition from Former Wayne County Treasurer Wojtowicz to Current Wayne County Treasurer Sabree violated Michigan state law and, as a result, the Plaintiffs were somehow prohibited "from exercising their right to possession, to challenge and possibly stop Wayne County Treasurer tax foreclosures and sales and to reverse any decisions to the contrary."  ECF No. 1, PageID.6.  The Plaintiffs characterize Respondents' actions as "Theft By False Pretense, as it relates to the land and property of the Indigenous peoples, disguised as a lawful foreclosure process through illegal and unlawful evictions and auctions …."  ECF No. 1, PageID.5.  More specifically, the Plaintiffs claim that Respondents "[w]rongfully deemed [their] land abandoned so they could backdoor the Fee Simple Absolute that [they] hold on [their] land" through the tax forfeiture and foreclosure process provided for under Michigan state law.  ECF No. 1, PageID.7.  In other words, the Plaintiffs assert that "[t]here is no contract in Place between any member of the Indigenous American Inhabitants of the County of Wayne to allow for the County of Wayne to deem the lands owned by 'the People' abandoned" and, therefore, to foreclose against such properties.  ECF No. 1, PageID.8.

At the same time the Plaintiffs filed the Petition, they also filed a "Motion for *Ex Parte* Emergency Temporary Restraining Order Seeking Injunctive Relief."  ECF No. 2,

PageID.65-131.  In that motion, which is equally difficult to comprehend, the Plaintiffs assert that:

> It is imperative for this Court to grant Injunctive relief on behalf of the Indigenous American people Inhabiting the County of Wayne in that they have unveiled the corruption of the County of Wayne's foreclosure process by and through its employees to continue to cause harm and to perform discriminative acts toward its inhabitants in violation of the Declaration of Rights of Indigenous Peoples, HR 489, which states that Native People and descendants of Native People along with descendants of ex-slaves are the only peoples that are indigenous to this land called the United States.

ECF No. 2, PageID.70.  The Plaintiffs' motion for TRO, however, contains nothing more than disjointed references to various statutes, treatises, legal doctrines, and court decisions, along with perplexing references to "The Land Mandate."  ECF No. 2, PageID.6 -12.  In conclusion, the Plaintiffs state:

> We request and demand from this Court an injunction for Wayne County to cease and desist the auction scheduled for September 4, 2019.  If our request is not granted wrongdoers will continue to deprive Indigenous people, the "The Heirs to the Vast Estate," of their right to their properties and land, they will continue to be disenfranchised and the Rights of Indigenous People will continue to be trampled upon.  The sale must be halted.

ECF No. 2, PageID.12.  Although apparently requesting a TRO halting the foreclosure sale of a property, the Plaintiffs do not provide any further detail about the address, owner, or legal status of the property allegedly at issue.

### B.     Applicable Legal Standards

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held."  *Koetje v. Norton*, No. 13-12739, 2013 WL

8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for a TRO or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* TRO is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905

F.Supp.2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* TROs "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

Examining the materials the Plaintiffs have submitted against these standards, it is clear that they have failed to show they are entitled to a TRO halting an unidentified "auction" purportedly scheduled for September 4, 2019.

**C.    Analysis**

First and foremost, the Plaintiffs have failed to comply with Rule 65(b)(1)'s requirements. They have given no indication that they have provided Respondents with notice that they are seeking to enjoin an "auction" of certain property scheduled to take place on September 4, 2019. Nor have they explained why they should not be required to provide such notice. As discussed in more detail below, the Plaintiffs also have failed to provide the Court with any "specific facts" that support their position; their Petition is comprised of incomprehensible and nonsensical allegations that only raise questions, while providing no answers. Thus, the Plaintiffs' *ex parte* motion for TRO should be denied for failing to comply with Fed. R. Civ. P. 65(b)(1)(A) and (B). *See Wiggins v. Nationstar Mortg. LLC*, No. 14-12680, 2014 WL 3400911, at *1 (E.D. Mich. Jul. 10, 2014).

In addition, the Plaintiffs have not met their substantive burden of demonstrating that they are entitled to a TRO. With respect to the first factor, they have not established

a likelihood of success on the merits. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Here, the Court can barely decipher the Plaintiffs' allegations, let alone construe them in a manner that suggests they are likely to succeed on any of their claims. *See Cook v. Chase Home Fin., LLC*, No. 10-15108, 2010 WL 5441929, at *1 (E.D. Mich. Dec. 28, 2010) (concluding that the plaintiff had not demonstrated that she was entitled to a TRO partly because she "fail[ed] to demonstrate a strong or substantial likelihood of success on the merits").

The Plaintiffs also have failed to show that they will suffer irreparable harm without a TRO. Again, while they vaguely allege that the "Rights of Indigenous People" will "continue to be disenfranchised" if a certain, unspecified auction is not "halted," they have not provided any specific factual detail as to how this is the case. Moreover, to the extent the Plaintiffs are complaining about an alleged foreclosure sale of certain real property, they have failed to show they will suffer irreparable harm without a TRO. Indeed, Plaintiffs fail to explain how the mere transition from one Wayne County Treasurer to another could result in their loss of a fee interest in land when, "[p]ursuant to Michigan's statutory scheme for property tax foreclosure, there is a near three-year time lag from the initial deficiency period (i.e., failure to pay) to the final sale of the property (during which the property owner has the opportunity to pay the taxes and redeem the property)." *See In re Baker*, No. 17-12870, 2017 WL 6015380, at *5, n. 1 (E.D. Mich.

Dec. 5, 2017) (citing Mich. Comp. Laws §§ 211.78a to 211.78k).[1]

Accordingly, even if the "auction" that the Plaintiffs claim was scheduled for September 4, 2019, actually took place, the owner of the property at issue would still retain a statutory right to redeem the property. This belies any claim by Plaintiffs that they will suffer irreparable harm absent the requested injunction. *See Jackson v. U.S. Bank Loan Servicing*, No. 09-12716, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009) (finding no irreparable harm where homeowner seeking to enjoin foreclosure sale maintained right to redeem).

The final two factors also weigh in favor of denying the Plaintiffs' motion for a TRO. Although the extent of any harm that Respondents (or others) would suffer from an order preventing the auction from occurring is not clear, the public is not served by such an order where the Plaintiffs have done so little to establish their entitlement to the requested injunctive relief. As the moving party, the Plaintiffs were required to address all four factors for injunctive relief "with some degree of clarity and thoroughness." *Beeler v. Deutsche Bank Nat'l Trust Co.*, No. 08-10634, 2008 WL 495482, at *2 (E.D. Mich. Feb. 21, 2008). They have failed to do so. Since they have failed to meet this "heavy burden," their motion should be denied. *Id.* (denying the plaintiff's TRO motion where she made allegations of irreparable harm but failed to address the other three factors because "[w]hile mindful of a petitioner's heavy burden under these

---

[1] In particular, the Court notes M.C.L. § 211.78k(6), which provides, in relevant part, "fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section . . ."

circumstances, the Court is not persuaded that the facts – as presented – warrant [this] extraordinary remedy").

Accordingly, weighing all of the above factors, the Court finds that the Plaintiffs have not established their entitlement to an *ex-parte* TRO.

## II.     RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Plaintiffs' Motion for *Ex Parte* Emergency Temporary Restraining Order seeking Injunctive Relief **(Doc. #2)** be **DENIED**.

Dated: September 18, 2019            s/David R. Grand
Ann Arbor, Michigan                  DAVID R. GRAND
                                     United States Magistrate Judge

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this

Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
