UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE INDIGENOUS AMERICAN PEOPLE INHABITING THE COUNTY OF WAYNE, MICHIGAN,<br><br>      Plaintiff,<br><br>v.<br><br>WAYNE COUNTY MUNICIPAL CORPORATION, *et al.*,<br><br>      Defendants. | Case No. 2:19-cv-12579-LJM-DRG<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**ORDER OVERRULING PLAINTIFF'S OBJECTION [12], ACCEPTING REPORT AND RECOMMENDATION [11], AND DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER [2]**

On September 3, 2019, The Indigenous American People Inhabiting the County of Wayne, Michigan (IAP), filed this lawsuit to halt a real property auction set for September 4, 2019. Along with its complaint, IAP filed a motion for an *ex parte* temporary restraining order. (ECF No. 2.)

While the relief IAP requested was clear, the legal bases for the requested relief was not. In its *pro se* complaint, IAP claims that the succession of the Wayne County Treasurer (from Raymond Wojtowicz to Richard Hathaway to Eric Sabree) was unlawful. (ECF No. 1, PageID.2–4.) IAP's complaint also suggests that some (or all) of the homes of its members were unlawfully deemed abandoned. (ECF No. 1, PageID.8.) As for its motion, IAP describes how the Wayne County Treasurer is not lawfully in office (ECF No. 2, PageID.69), suggests that the Wayne County Treasurer (or related entity) committed mail fraud (*id.* at PageID.70), claims that the "Land Mandate" (apparently a quote from *Pollard's Lessee v. Hagan*, 44 U.S. 212 (1845)) entitles its

members to their properties (*id.* at PageID.71–72), suggests that property-tax-assessment procedures were not followed (*id.* at PageID.73–75), and suggests that proper procedures were not followed in deeming its members' properties abandoned (*id.* at PageID.75–76). Many of these claims are difficult to follow and recite verbatim the text of case law, regulations, and statutes. As far as this Court can tell, members of IAP did not pay their taxes—or, at least, the Wayne County Treasurer determined that they had not—and so their homes were foreclosed upon and slated for the September 4 auction.

The day after this case was filed, on September 4, this Court referred all pretrial matters to Magistrate Judge David R. Grand. He promptly addressed IAP's motion for an *ex parte* temporary restraining order; he recommends the motion be denied. (ECF No. 11.) IAP now objects. (ECF No. 12.)

The Court will overrule IAP's objections. As an initial matter, the IAP has not addressed the Magistrate Judge's finding that IAP did not comply with Rule 65's procedural requirements for an *ex parte* (as opposed to an *inter partes*) temporary restraining order. (*See* ECF No. 11, PageID.156–157 (citing Fed. R. Civ. P. 65(b)(1)(B).) That alone is a sufficient basis to accept the Magistrate Judge's recommendation to deny the motion.

And even looking past Rule 65(b)(1)(B), IAP's objections do not show that the Magistrate Judge was wrong to recommend that the motion be denied. Perhaps IAP is correct that its members could not, as the Magistrate Judge suggested (ECF No. 12, PageID.166), avoid irreparable harm by redeeming their properties after the auction, *see* Mich. Comp. Laws § 211.78k(5). But an injunction requires a showing of likelihood of success too, *see Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), and the IAP's objections do not show that the Magistrate Judge was wrong to think that IAP is not likely to prevail when all is said and done (*see*

ECF No. 11, PageID.158). The IAP objects that the Magistrate Judge lacked the ability to understand the issues because "he is not Indigenous to this land." (ECF No. 12, PageID.163.) But being native to North America (or Wayne County) is not a qualification for becoming a federal magistrate judge. *See* 28 U.S.C. § 631(b). And IAP's objection that the Magistrate Judge is "racially biased" has zero factual support. (ECF No. 12, PageID.165.) Nor is the Court persuaded that the Land Mandate "directly entitles the Heirs to the Vast Estate." (ECF No. 12, PageID.163.) The IAP's reference to a "consent agreement" in *MorningSide Community Organization v. Wayne County Treasurer* appears to be mistaken: *MorningSide* was ultimately dismissed for lack of subject-matter jurisdiction, No. 336430, 2017 WL 4182985, at *1 (Mich. Ct. App. Sept. 21, 2017). Finally, the IAP faults the Magistrate Judge for not ruling on its *ex parte* motion until after the auction and 15 days after the motion was filed. (ECF No. 12, PageID.165.) But the IAP does not explain why it had to wait until the day before the auction to seek emergency *ex parte* relief. Nor does it explain how the Magistrate Judge's delay—if it could even be called that—resulted in any prejudice. After all, the recommendation was to deny the motion.

In all, the Court will overrule the IAP's objection and accept the Magistrate Judge's recommendation to deny the IAP's motion for an *ex parte* temporary restraining order.[1]

---

[1] The IAP appears to be made up of eight individuals who own or owned real property in Wayne County. (*See* ECF No. 1, PageID.54–62.) They say that "Declaration of Rights of Indigenous Peoples, HR 489" states that "Native People and descendants of Native People along with descendants of ex-slaves are the only peoples that are indigenous to this land called the United States." (ECF No. 2, PageID.70.) It is unclear if IAP is a formal association or simply a name that the eight individuals used to file this case. It may be necessary for the individuals to file suit in their own names because an association cannot proceed pro se, *see Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014); *Rivera v. Hoffman*, No. 19-CV-3494, 2019 WL 3765928, at *1 (E.D. Pa. Aug. 8, 2019), and it is unclear that there would be associational standing, *see Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). Further, it could be that IAP has not stated "colorable" federal claims (but, in fairness to IAP, that bar is not high). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006). The Court leaves these issues to the Magistrate Judge, to whom all pretrial matters remain referred.

3

SO ORDERED.

Dated: October 9, 2019

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 9, 2019.

        s/Erica Karhoff
        Case Manager to
        Honorable Laurie J. Michelson