UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDIGENOUS AMERICAN
PEOPLE INHABITING THE COUNTY
OF WAYNE, MICHIGAN, *et al.*,

                      Plaintiffs,

v.

WAYNE COUNTY MUNICIPAL
CORPORATION, *et al.*,

                      Defendants.
_____/

Civil Action No. 19-12579
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**<u>ORDER DENYING DEFENDANT GARRETT'S
MOTION TO STRIKE AMENDED COMPLAINT (ECF NO. 25)</u>**

**<u>and</u>**

**<u>REPORT AND RECOMMENDATION TO DENY AS MOOT WITHOUT
PREJUDICE DEFENDANT GARRETT'S MOTION TO DISMISS
(ECF NO. 19) AND CORRECTED MOTION TO DISMISS (ECF NO. 20)</u>**

**I.    REPORT**

On September 3, 2019, Plaintiffs, "The Indigenous American People Inhabiting the County of Wayne, Michigan" ("IAP"), filed a "Petition" in this case, along with a motion for temporary restraining order ("TRO"), seeking to halt a real property auction scheduled for September 4, 2019.[1]  (ECF Nos. 1, 2).  In a recent ruling in this case, the Honorable Laurie J. Michelson concisely summarized IAP's allegations as follows:

---

[1] On September 4, 2019, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b).  (ECF No. 7).

> In its *pro se* complaint, IAP claims that the succession of the Wayne County Treasurer (from Raymond Wojtowicz to Richard Hathaway to Eric Sabree) was unlawful. IAP's complaint also suggests that some (or all) of the homes of its members were unlawfully deemed abandoned. As for its motion [for TRO], IAP describes how the Wayne County Treasurer is not lawfully in office, suggests that the Wayne County Treasurer (or related entity) committed mail fraud, claims that the "Land Mandate" … entitles its members to their properties, suggests that property-tax-assessment procedures were not followed, and suggests that proper procedures were not followed in deeming its members' properties abandoned. Many of these claims are difficult to follow and recite verbatim the text of case law, regulations, and statutes. As far as this Court can tell, members of IAP did not pay their taxes – or, at least, the Wayne County Treasurer determined that they had not – and so their homes were foreclosed upon and slated for the September 4 auction.

(ECF No. 13, PageID.168-69) (citations omitted).

On October 25, 2019, Defendant Cathy M. Garrett ("Garrett"), the Wayne County Clerk, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 19). On October 28, 2019, Garrett filed a Corrected Motion to Dismiss pursuant to the same Rules. (ECF No. 20).

On November 7, 2019, however, IAP filed an Amended Complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b), (e), or (f) …."); *see also Broyles v. Correctional Med. Servs.*, No. 08-1638, 2009 WL 3154241, at *3 (E.D. Mich. Jan 23, 2009) (Rule 15(a) gives a plaintiff an "absolute right" to amend a complaint within 21 days of the filing of a responsive pleading).[2]

---

[2] On November 12, 2019, Garrett filed a Motion to Strike IAP's Amended Complaint, pointing out that both the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules require a party filing papers with the Court to provide his or her contact information,

2

The law is clear that an amended complaint, when filed, supplants the original complaint and becomes the only live complaint in the case.[3] *See Parks v. Federal Express Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001). *See also Long v. County of Saginaw*, No. 12-15586, 2014 WL 1845811, at *3 fn. 1 (E.D. Mich. May 8, 2014) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) ("Because amended pleadings supersede original pleadings, 'the original pleading no longer performs any function in the case ...'"). Therefore, any motion directed at the original complaint is moot in the face of the filing of the amended complaint. *See KBT Group, LLC v. City of Eastpointe*, No. 18-10409, 2019 WL 1556194, at *3 (E.D. Mich. Apr. 10, 2019) (explaining that since an amended complaint supersedes the original complaint, a motion to dismiss the original complaint is moot). Thus, the Court should deny without prejudice Garrett's motion (and corrected motion) to dismiss.

## II.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Garrett's Motion to Dismiss (**ECF No. 19**) and Corrected Motion to Dismiss (**ECF No. 20**) be **DENIED AS MOOT WITHOUT PREJUDICE**.

---

including name, address, e-mail address, and telephone number. (ECF No. 25, PageID.523 (citing Fed. R. Civ. P. 11(a) and E.D. Mich. LR 5.1(a)(E)(ii)). As Garrett correctly noted, the Amended Complaint filed by IAP listed fourteen new individual plaintiffs, but contact information for these individuals was not provided. IAP has since corrected this deficiency and provided contact information for each of the named plaintiffs. (ECF No. 40, PageID.1079-80). For this reason, **IT IS ORDERED** that Garrett's Motion to Strike (**ECF No. 25**) is **DENIED AS MOOT**.

[3] Recognizing this principle, on November 26, 2019, Garrett filed a Second Motion to Dismiss that addresses IAP's amended complaint. (ECF No. 33).

Dated: December 16, 2019          s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                                 United States Magistrate Judge

## **REVIEW**

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Order and Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court

determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2019.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager