UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDIGENOUS AMERICAN PEOPLE
INHABITING THE COUNTY OF
WAYNE, MICHIGAN, *et al.*,

      Plaintiffs,

v.

WAYNE COUNTY MUNCIPAL
CORPORATION,

      Defendant.

Case No. 19-cv-12579
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

## ORDER ACCEPTING REPORT AND RECOMMENDATION [46] AND DENYING AS MOOT GARRETT'S MOTION TO DISMISS [19] AND CORRECTED MOTION TO DISMISS [20]

---

Before the Court is Magistrate Judge David R. Grand's December 16, 2019, Report and Recommendation. (ECF No. 46.) At the conclusion of his report, Magistrate Judge Grand notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 46, PageID.1154.) It is now January 8, 2020. As such, the time to file objections has expired. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-

appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that Cathy M. Garrett's motion to dismiss (ECF No. 19) and corrected motion to dismiss (ECF No. 20) are DENIED AS MOOT.

SO ORDERED.

Dated: January 9, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE