UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDIGENOUS AMERICAN
PEOPLE INHABITING THE COUNTY
OF WAYNE, MICHIGAN, *et al.*,

                Plaintiffs,

v.

WAYNE COUNTY MUNICIPAL
CORPORATION, *et al.*,

                Defendants.

_____/

Civil Action No. 19-12579
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER DENYING AS MOOT PLAINTIFFS' MOTION FOR
RECONSIDERATION (ECF No. 40) AND MOTION TO STRIKE (ECF No. 59),
DENYING PLAINTIFFS' MOTIONS TO AMEND (ECF Nos. 38, 47, 52)**

**and**

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 33, 34, 35, 42)**

**I.   REPORT**

    **A.   Procedural Background**

        *1.   Plaintiffs' Complaint and Amended Complaint*

On September 3, 2019, Plaintiffs, "The Indigenous American People [("IAP")] Inhabiting the County of Wayne, Michigan" ("Plaintiffs"), filed a "Petition" in this case, along with a motion for temporary restraining order ("TRO"), seeking to halt a real property auction scheduled for September 4, 2019. (ECF Nos. 1, 2). On September 4,

2019, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b).  (ECF No. 7).

The allegations in Plaintiffs' complaint have been concisely summarized as follows:

> In its *pro se* complaint, IAP claims that the succession of the Wayne County Treasurer (from Raymond Wojtowicz to Richard Hathaway to Eric Sabree) was unlawful.  IAP's complaint also suggests that some (or all) of the homes of its members were unlawfully deemed abandoned.  As for its motion [for TRO], IAP describes how the Wayne County Treasurer is not lawfully in office, suggests that the Wayne County Treasurer (or related entity) committed mail fraud, claims that the "Land Mandate" … entitles its members to their properties, suggests that property-tax-assessment procedures were not followed, and suggests that proper procedures were not followed in deeming its members' properties abandoned.  Many of these claims are difficult to follow and recite verbatim the text of case law, regulations, and statutes.  As far as this Court can tell, members of IAP did not pay their taxes – or, at least, the Wayne County Treasurer determined that they had not – and so their homes were foreclosed upon and slated for the September 4 auction.

(ECF No. 13, PageID.168-69) (citations omitted).

Because it was unclear whether IAP is a formal association, or simply an informal name assumed by the eight original "petitioners" in this case, who purported to own the real property that was foreclosed upon and subject to auction, this Court issued an Order Regarding Representation, requiring IAP to provide additional information as to whether it is a legally formalized association.  (ECF No. 18).  In an apparent effort to respond to the Court's order, and to establish standing to bring the instant action, Plaintiffs filed their "First Amended Petition" (hereinafter "Amended Complaint") on November 7, 2019. (ECF No. 23).  The caption indicates that IAP is a "residential property class," and the Amended Complaint is signed by seventeen individuals.  (*Id.*, PageID.374, 395).

2

In the Amended Complaint, which remains the operative complaint in this matter, Plaintiffs plead nine counts against various defendants (or groups of defendants): (1) "Election Violations"; (2) Fraud in Fact/Concealment/Misrepresentation; (3) Negligence of Duty by a Public Official/Dereliction of Duty/Breach of Oath; (4) "Constitutional Violations"; (5) "Deprivation of Rights"; (6) Failure of the City of Detroit to Assess Properties Annually; (7) "Wrongdoer Wayne County Equalization Dereliction of Duty"; (8) Federal Housing Act Violations; and (9) "Discrimination." (ECF No. 23).

2.  *The Pending Motions to Dismiss*

After Plaintiffs filed their Amended Complaint, motions to dismiss were filed by Defendant Cathy Garrett (ECF No. 33), the Wayne County Defendants[1] (collectively the "County Defendants") (ECF Nos. 34, 35), and the City of Detroit Defendants[2] (collectively the "City Defendants") (ECF No. 42). Plaintiffs did not file substantive responses to any of the pending motions to dismiss.[3]

---

[1] The Wayne County Defendants include the County of Wayne (improperly named in the caption as Wayne County Municipal Corporation), Warren C. Evans, County Executive, Raymond J. Wojtowicz, in his private and public capacities, Wayne County Treasurer, Eric R. Sabree, in his private and public capacities, and the Offices of the Wayne County Deputy Treasurer and Wayne County Equalization. (ECF No. 35, PageID.722).

[2] The City Defendants include the City of Detroit, Mayor Mike Duggan, and the Assessments Division of the City of Detroit's Finance Department. (ECF No. 42, PageID.1094).

[3] Rather than responding to Defendants' motions to dismiss, Plaintiffs filed three motions in which they seek to further amend the operative Amended Complaint in this matter. (ECF Nos. 38, 47, 52). But, the requested amendments propose only changes to the *form* of the Amended Complaint, without addressing the *substantive* deficiencies identified by Defendants in their motions to dismiss. (ECF No. 38, PageID.929 (requesting leave to amend to include Plaintiffs' addresses, the correct spelling of one plaintiff's name, and the addition of one plaintiff's name to the caption, where it was "mistakenly left out"); ECF No. 47, PageID.1160 (seeking leave to amend to correct the name of one of the defendants, add the addresses of certain plaintiffs, and correct the caption); ECF No. 52, PageID.1338 (same)). Because the proposed amended complaints do not

3

Defendant Garrett,[4] who is the Wayne County Clerk, argues that the Amended Complaint should be dismissed because (1) this Court lacks subject matter jurisdiction pursuant to the *Burford* abstention doctrine; (2) IAP, which continues to be named as a party to this case, cannot be represented by the *pro se* individuals who signed the Amended Complaint; (3) Plaintiffs lack standing to bring this action against Garrett; (4) the Office of the Wayne County Clerk does not have the capacity to be sued; (5) Plaintiffs have no case or controversy against Garrett in her private capacity or in her capacity as Clerk of the Circuit Court; (6) Garrett did not violate any of Plaintiffs' Constitutional rights; and (7) Garrett is entitled to statutory immunity from Plaintiffs' claims. (ECF No. 33).

The County Defendants[5] argue that the Amended Complaint should be dismissed because (1) the Court lacks subject matter jurisdiction under the Tax Injunction Act; (2)

---

substantively alter Plaintiffs' allegations, they could not withstand a motion to dismiss for the reasons set forth herein. Therefore, Plaintiffs' motions to amend **(ECF Nos. 38, 47, 52)** are **DENIED** as futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (proposed amendment is futile if it could not withstand Rule 12(b)(6) motion to dismiss).

[4] On November 19, 2019, the Clerk's Office denied Plaintiffs' request for entry of default against Garrett pursuant to Fed. R. Civ. P. 55(a), noting that Garrett had timely filed a motion to dismiss. (ECF No. 30). On December 2, 2019, Plaintiffs filed a motion for reconsideration, arguing that default should have been granted because a "Motion to Dismiss is not a responsive pleading." (ECF No. 40, PageID.1076). Although Plaintiffs' argument is meritless, *see* Fed. R. Civ. P. 12(b), the Court need not address it in detail because it is recommending dismissal of Plaintiffs' claims against Garrett on other grounds. Thus, Plaintiffs' "Motion for Reconsideration to Defendant Cathy M. Garrett's Request for Clerk's Entry of Default" **(ECF No. 40)** is **DENIED AS MOOT**.

[5] On January 10, 2020, the County Defendants filed a Statement of Fact of the Death of Defendant Raymond Wojtowicz, along with a motion to dismiss pursuant to Fed. R. Civ. P. 25(a)(2). (ECF No. 57). On January 29, 2020, Plaintiffs filed a motion to strike this filing, arguing that it was improper because it was filed by "wrongdoers counsel," as opposed to the personal representative of Wojtowicz's estate. (ECF No. 59). Because the Court is recommending dismissal of Plaintiffs' claims against Wojtowicz on other grounds, it need not address the merits of this motion in detail. Thus, Plaintiffs' "Motion to Strike Statement of Fact of Death" **(ECF No. 59)** is **DENIED AS MOOT**.

4

Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine; (3) Plaintiffs' claims are barred by *res judicata*; (4) Plaintiffs otherwise fail to state a claim upon which relief can be granted; and (5) Plaintiffs lack standing and cannot proceed *in pro per* as a group represented by a non-attorney. (ECF No. 35).

The City Defendants argue that the Amended Complaint should be dismissed because (1) the Court lacks subject matter jurisdiction under the Tax Injunction Act and principles of comity; (2) Plaintiffs' claims are barred by governmental immunity; (3) the "Detroit Assessment Division" is not amenable to suit; and (4) Plaintiffs' claims are barred by the statute of limitations. (ECF No. 42).

While the Court need not address all of the asserted grounds for dismissal, for the reasons discussed below, each of the motions to dismiss should be granted.

**B.  Analysis**

    *1.  Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *See Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

A factual attack, however, differs greatly in that it is a challenge to the factual

existence of subject matter jurisdiction. As the Sixth Circuit has explained:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "'In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has a wide discretion to consider affidavits and the documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary.'" *Rafaeli, LLC v. Wayne County*, No. 14-13958, 2015 WL 3522546, at *4 (E.D. Mich. June 4, 2015) (quoting *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997)).

### 2. *The Foreclosed Properties at Issue*

Plaintiffs did not provide details about the foreclosed properties in either the Petition or the Amended Complaint. However, they attached affidavits to Exhibit 10 of their Amended Complaint in which they "certify and attest that they owned the property listed and that at the time of their ownership the Wayne County Treasurer foreclosed on their parcel of land …." (ECF No. 23, PageID.442-452). Such affidavits indicate that Plaintiffs

owned property located at the following addresses (the "Subject Properties"):⁶

| 11393 N. Martindale Detroit | 76 Pine River Rouge | 10109 Curtis Detroit | 20486 Spencer Detroit |
|---|---|---|---|
| 19190 Gilchrist Detroit | 19444 Teppert Detroit | 18838 W. 7 Mile Rd. Detroit | 18485 Winthrop Detroit |
| 16155 Blackstone Detroit | 19873 Stout Detroit | 16154 Cheyenne Detroit | 11373 N. Martindale Detroit |
| 311 Owen Detroit | 12724 Abington Detroit | 16245 Hartwell Detroit | |
| 9 Cicotte River Rouge | 18983 Kentucky Detroit | 9100 Lanco Detroit | |

(*Id.*). In their Supplement to their Corrected Motion to Dismiss, the County Defendants provided copies of the most recent judgments of foreclosure for each of the Subject Properties. (ECF No. 37-1, PageID.879-884; ECF No. 37-2, PageID.885-890; ECF No. 37-3, PageID.891-896; ECF No. 37-4, PageID.897-900; ECF No. 37-5, PageID.901-905; ECF No. 37-6, PageID.906-917; ECF No. 37-7, PageID.918-922; ECF No. 37-8, PageID.923-927).

        3.       *This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims*

As set forth above, Plaintiffs' claims all stem from – and relate to – the foreclosure of the Subject Properties (and otherwise to property tax assessments/exemptions under

---

⁶ The affidavits submitted by Plaintiffs as an exhibit to their Amended Complaint also state that one or more Plaintiffs owned property at the following addresses: 20037 Archdale, Detroit, MI; 16886 Pierson, Detroit, MI; 2334 W. 7 Mile Road, Detroit, MI; 20554 Asbury Park, Detroit, MI; 465 Sunningdale, Inkster, MI; and 9554 Grayfield, Redford, MI. (ECF No. 23, PageID.442, 445, 447, 449, 451). Uncontested evidence provided by the County Defendants, however, establishes that none of these properties have been foreclosed. (ECF No. 35-1, PageID.742-743).

7

Michigan state law). For example, Plaintiffs claim that the Subject Properties were wrongfully foreclosed because property taxes were no longer required to be paid, as the Wayne County Treasurer allegedly was not really the Treasurer (or, relatedly, that there were multiple Treasurers). (ECF No. 23, PageID.375-76). Plaintiffs also cite to the "U.N. Declaration of Rights of Indigenous Peoples," in alleging that they are Indigenous Moors exempt from paying property taxes. (*Id.*, PageID.385-86). At other times, however, and somewhat conversely, Plaintiffs complain that the Treasurer deprived them of their lands by failing to inform them that they were entitled to poverty tax exemptions. (*Id.*, PageID.385). Essentially, then, Plaintiffs effectively seek an order declaring the foreclosure judgments entered by the Wayne County Circuit Court null and void. (*Id.*, PageID.394). As explained in greater detail below, however, this Court lacks subject matter jurisdiction over Plaintiffs' claims because they are barred by the *Rooker-Feldman* doctrine and the Tax Injunction Act.

        *a.*  *Plaintiffs' Claims are Barred by the* Rooker-Feldman *Doctrine*

The *Rooker-Feldman* doctrine is a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state court judgments. *See Rooker v. Fid. Trust. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). More recently, the United States Supreme Court has clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the

Sixth Circuit has explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* To determine the source of the injury, a court must refer to the plaintiff's request for relief. *See Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012).

Here, Plaintiffs indicate that "each and every individual that submitted an Affidavit" stating their interest in the Subject Properties has "lost lands to this unlawful tax foreclosure scheme, lost lands through an over assessed tax induced mortgage foreclosure, or are paying over assessed taxes …." (ECF No. 23, PageID.394). Thus, Plaintiffs ask this Court to acknowledge their "Fee Simple absolute interest" in the Subject Properties and award "actual and compensatory damages in the amount of 200 Million [dollars]" to compensate them for the "illegal and unlawful acts of the City of Detroit and Wayne County actors" in foreclosing on the Subject Properties. (*Id.*). It is clear, then, that Plaintiffs are contesting the judgments of foreclosure[7] entered by the Wayne County Circuit Court – indeed, Plaintiffs essentially are asking this Court to undo those foreclosures and return ownership interest in the Subject Properties to them. Thus, *Rooker-Feldman* bars their claims.

In a recent case almost directly on point, this Court considered a similar claim,

---

[7] To the extent Plaintiffs assert the alleged imposition of excessive taxes as a distinct claim, it fails under the Tax Injunction Act, 28 U.S.C. § 1341. *See infra* at 11-14.

9

where the plaintiff sought to undo the tax foreclosure sale of his home and pursue claims against the defendants "for engaging in an allegedly unlawful and discriminatory tax foreclosure and revenue raising scheme." *Edwards v. Meisner*, No. 18-13488, 2019 WL 78890, at *1 (E.D. Mich. Jan. 2, 2019). In finding that *Rooker-Feldman* precluded it from exercising jurisdiction over any of the plaintiff's claims, the *Edwards* court reasoned:

> Plaintiff here presents a classic case for application of the *Rooker-Feldman* doctrine. Plaintiff lost a state tax foreclosure action, which resulted in title passing to the Oakland County Treasurer …. Plaintiff, dissatisfied with the state court result, seeks to have this Court "reverse the tax foreclosure" and "provide marketable title free of encumbrances post-haste to Plaintiff." (Compl., Prayer for Relief, PgID.21). *See Anderson v. County of Wayne*, No. 10-cv-13708, 2011 WL 2470467, at *4 (E.D. Mich. June 20, 2011) ("It is clear from Plaintiffs' Complaint that the source of Plaintiffs' injuries is the state court judgment. Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* [is] appropriate.") ….
>
> Plaintiff is seeking an Order from this Court that will permit him to remain in possession of the Property. The Court cannot award this relief without invalidating the state court judgment of foreclosure and order of eviction …. *Rooker-Feldman* applies and bars this Court from exercising jurisdiction over Plaintiff's claims seeking to invalidate these state court judgments.

*Id.* at *6-7. *See also United Methodist Union of Greater Detroit v. City of Highland Park*, No. 16-10336, 2016 WL 7634483, at *5 (E.D. Mich. Dec. 2, 2016) (plaintiffs' claims – seeking a federal court order giving them "title to the Property in fee simple absolute, free and clear of any and all claims of defendants" – are "precisely the type of federal district court action prohibited by the *Rooker-Feldman* doctrine"); *Chebetar v. Wojtowicz*, No. 12-10359, 2012 WL 3639226, at *2-3 (E.D. Mich. June 4, 2012) (where plaintiff's claims rest on the premise that the state tax foreclosure proceeding was faulty, plaintiff's "recourse

was to file an appeal in the Michigan appellate courts" and federal claims were barred by *Rooker-Feldman*). Thus, *Rooker-Feldman* prohibits this Court from exercising subject matter jurisdiction over Plaintiffs' claims, and they should be dismissed.

### b. Plaintiffs' Claims are also Barred by the Tax Injunction Act and Related Principles of Comity

Even if *Rooker-Feldman* did not apply to bar some or all of Plaintiffs' claims, the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, does apply, and along with related principles of comity, precludes this Court from exercising subject matter jurisdiction over the claims in Plaintiffs' Amended Complaint.

As set forth above, Plaintiffs' claims relate to property tax foreclosure and property tax assessments/exemptions under Michigan state law. Under the TIA, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This statute represents the fundamental principle of comity between state and federal governments. *See Anderson*, 2011 WL 2470467, at *6. "'This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional.'" *Id.* (quoting *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993)). Moreover, even though § 1341 only specifically refers to injunctions, courts have recognized that it also bars declaratory actions and suits seeking damages. *Id.*; *see also Hammoud v. County of Wayne*, No. 15-14461, 2016 WL 4560635, at *4 (E.D. Mich. Sept. 1, 2016) (citing *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) and *Fair Assessment In Real Estate Ass'n v. McNary*,

11

454 U.S. 100, 116 (1981)).

In the Amended Complaint, Plaintiffs allege various statutory, common law, and constitutional violations, all of which arise out of the tax assessment of their properties and alleged foreclosures. Specifically, Plaintiffs allege:

> 12. The City of Detroit has failed to annually assess[] the lands/properties for the past 30 years[.]
>
> 13. The Wayne County Equalization Division failed to equalize the City of Detroit's Over assessing land/property taxes practice in predominantly indigenous people cities and jurisdictions as well as the City of Detroit.
>
> 14. The Wayne County Treasurer allowed and participated in the fraud to foreclose on land/homes that should have been afforded a Poverty Tax Exemption.
>
> 15. The Wayne County Treasurer foreclosed on lands/property knowingly and willfully even though he knew the tax assessments were too high.

(ECF No. 23, PageID.379). Plaintiffs further allege that Defendants' actions "had a disparate impact on Indigenous People inhabiting Wayne County…." (*Id.*, PageID.389). Thus, all of the Defendants' alleged activities relate to the taxation of real property, and the subsequent forfeiture and foreclosure of that real property when the taxes went unpaid. Plaintiffs are now asking the Court to set aside the state court judgments of foreclosure, return "Fee Simple" title to them, and award them monetary damages. (*Id.*, PageID.394). To grant such relief, however, would necessarily "enjoin, suspend or restrain the assessment, levy or collection of a[] tax under State law" within the meaning of the TIA. 28 U.S.C. § 1341. Thus, the Court must determine whether there is a "plain, speedy, and efficient remedy" in the state courts. *Id.* If so, Plaintiffs' claims would be barred under

12

the TIA.  *See Anderson*, 2011 WL 2470467, at *6.

A remedy is considered plain, speedy, and efficient if the state provides a "full hearing and judicial determination" at which "any and all constitutional objections to the tax" can be raised.  *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n. 19 (1981).  Under both the TIA and principles of comity, the plaintiff bears the burden of pleading and proving the inadequacy of state judicial remedies.  *See Lawson v. Brousseau*, No. 4:06-CV-33, 2006 WL 1362913, at *3 (W.D. Mich. May 18, 2006).  As the *Anderson* court clearly stated, the "TIA prohibits this Court from interfering with Michigan state tax disputes unless there is no remedy available under state law."  *Anderson*, 2011 WL 2470467, at *7.

Here, however, Plaintiffs do not even allege – let alone prove – that the Michigan state courts are inadequate to address the claims set forth in the Amended Complaint.  Indeed, they could not possibly prove that point; as in *Anderson*, under Michigan law, Plaintiffs in the instant case had several options through which they could have pursued relief with respect to the wrongdoing alleged in their Amended Complaint:  "They could have (1) paid their delinquent taxes; (2) participated in the public auctions; or (3) challenged the foreclosure ruling[s] in state court …."  *Id.*  The fact that Plaintiffs apparently failed to avail themselves of these state remedies does not mean that they are inadequate.  *See Hammoud*, 2016 WL 4560635, at *5.

Indeed, numerous courts have examined the remedies available to a taxpayer under the laws of the State of Michigan and have and upheld their adequacy.  *See Chippewa Trading Co. v. Cox*, 365 F.3d 538, 542-43 (6th Cir. 2004); *Kistner v. Milliken*, 432 F. Supp.

13

1001, 1007 (E.D. Mich. 1977). This is true even where a plaintiff seeks vindication of his constitutional rights in the state courts, including by pleading due process, takings, and/or other constitutional claims, as well as claims for discrimination under the Fair Housing Act. *See, e.g., Rafaeli, LLC*, 2015 WL 3522546, at *6-9 (state court remedies were available to plaintiff alleging violation of due process, takings, and equal protection claims; thus, plaintiff's claims were barred by TIA); *Pegross v. Oakland County Treasurer*, 592 F. App'x 380, 381 (6th Cir. 2014) ("mere citations to 42 U.S.C. § 1983 or the Fourteenth Amendment [can]not create federal court jurisdiction, [if] the claims [as] alleged [are] barred by principles of comity and the TIA"); *Edwards*, 2019 WL 78890, at *9 (plaintiff's FHA and due process claims barred by TIA because adequate remedies exist in state court).

For all of these reasons, this federal court does not have subject matter jurisdiction over Plaintiffs' claims because there is a plain, speedy, and efficient remedy in the state courts. *See Anderson*, 2011 WL 2470467, at *6. Thus, Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Garrett's Motion to Dismiss **(ECF No. 33)**, the Wayne County Defendants' Motions to Dismiss **(ECF Nos. 34, 35)**, and the City Defendants' Motion to Dismiss **(ECF No. 42)** be **GRANTED**.

Dated: February 25, 2020         s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                 United States Magistrate Judge

## **REVIEW**

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Order and Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2020.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager